Receipt Number 543794



ORIGINAL

UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNY GEORGE SALMO,

          Plaintiff,

v.

UNITED STATES OF AMERICA,

          Defendant.
_____/

Case: 2:06-x-50547
Assigned To: Battani, Marianne O
Filed: 06-09-2006 At 12:56 PM
OTH JOHNY GEORGE SALMO V. USA (DA)

## MOTION FOR RETURN OF PROPERTY PURSUANT TO 18 U.S.C. § 983, WITH INCORPORATED MEMORANDUM OF LAW

NOW COMES JOHNY GEORGE SALMO, plaintiff herein, by and through his attorneys, LaRene & Kriger, P.L.C., and, pursuant to the provisions of 18 U.S.C. § 983(1)(F), moves this Honorable Court for the entry of an Order directing the return of certain seized property to him, and in support of said motion says as follows:

1. On January 18, 2006, officers of the Sterling Heights, Michigan, Police Department, executed search warrants on plaintiff's home in that community.

2. Also on that date, acting through the office of the Macomb County Prosecuting Attorney, those officers secured an *ex parte* Order from the Macomb County Circuit Court, The Hon. Antonio P. Viviano, Circuit Judge, freezing two bank accounts belonging to plaintiff, one at the LaSalle Bank, with a balance of $1,779, and one at Comerica Bank, with a balance of $172,872. (See Exhibit A, Ex Parte Order Freezing Accounts).

3. Plaintiff was thereafter notified of the entry of the said Order, and of the intention of the Macomb County officials to seek forfeiture of the funds in those accounts. (See Exhibit B, letter to plaintiff from Assistant Macomb County Prosecuting Attorney Kimberly R. Mitseff).

4. Thereafter, the Macomb County officials informed Judge Viviano that the matter was being turned over to the United States Drug Enforcement Administration (DEA), and requested that they be allowed to turn over investigative materials to the DEA, and Judge Viviano entered an Order to that effect. (See Exhibit C, Motion and Order For Release of Documents).

5. On April 14, 2006, the DEA seized the funds in the two accounts, and on May 19 mailed notices of that seizure to the plaintiff, in care of undersigned counsel. (See Exhibit D, notices of seizure).

6. As explained more fully in the incorporated memorandum brief, these notices were untimely under Civil Asset Forfeiture Act of 2000, Pub.L. No. 106-185, 114 Stat. 211 (April 25, 2000).

7. As also explained therein, the failure to give timely notice under that Act requires that the seized funds be restored to plaintiff.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter an Order requiring the return to the plaintiff of the funds seized from his bank accounts, as hereinabove set forth.

## MEMORANDUM BRIEF IN SUPPORT OF MOTION
## FOR RETURN OF PROPERTY PURSUANT TO 18 U.S.C. § 983

**Issue presented:** Whether the Court should enter an Order requiring the return of plaintiff's property because of the government's failure to give timely notice of its seizure of that property.

**Principal authorities:** 18 U.S.C. § 983

In enacting the Civil Asset Forfeiture Act of 2000 (CAFRA), Pub.L. No. 106-185, 114 Stat. 211 (April 25, 2000), Congress set strict time limitations. Specifically, 18 U.S.C. § 983(1)(A) provides specific periods of time within which notice of seizure of property must be sent to "interested parties" such as the plaintiff herein. Where, as here, the property involved is initially seized by state authorities, and then turned over to a federal agency such as the DEA, subsection (iv) provides as follows:

> In a case in which the property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency.

Where such notice requirements are not complied with, the statute requires the return of the seized property:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

18 U.S.C.§ 983(a)(1)(F).

3

Given these specific statutory pronouncements, the plaintiff's right to relief is clear and unambiguous. The Court should therefore enter an Order requiring the government to return his property to him.

Respectfully submitted,

LaRene & Kriger, P.L.C.
645 Griswold, Suite 1717
Detroit, Michigan 48226
(313) 967-0100

BY: Mark J. Kriger (P30298)

BY: N.C. Deday LaRene (P16420)

DATED: June 9, 2006



  

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

IN RE FORFEITURE OF:

MISC. NO. 06-234-XX
HON. ANTONIO P. VIVIANO

VARIOUS ASSETS CONTAINED IN
MISCELLANEOUS BANK ACCOUNTS;
AND SAFE DEPOSIT BOXES.

JOHNY SALMO – CLAIMANT

SSN:   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

_____/

ERIC J. SMITH (P46186)
Prosecuting Attorney
Macomb County, Michigan
BY: KIMBERLY R. MITSEFF   (P49324)
Assistant Prosecuting Attorney
Macomb County Administration Building
One South Main, Third Floor
Mt. Clemens, MI  48043
(586) 469-5350
Attorneys for Petitioner

_____/



### EX PARTE ORDER FREEZING ACCOUNTS

At a session of said Court held in the City of Mount Clemens, State of Michigan, in the County of Macomb, in the Macomb County Court Building on:

**ANTONIO P. VIVIANO**

PRESENT:   HONORABLE ANTONIO P. VIVIANO
CIRCUIT COURT JUDGE

This matter having come before this Court pursuant to Emergency Ex Parte Motion filed by the Petitioner, the Sterling Heights Police Department, seeking to freeze certain accounts and seal any safe deposit boxes in accordance with the Michigan controlled substances forfeiture statute, being MCL 333.7521 et. seq.; and this Court having reviewed the Motion filed by the Petitioner and being convinced that Petitioner's rights would be significantly impaired and irreparably harmed were this matter not to be dealt with at the present time; and this Court finding that the Petitioner has made an initial showing of probable cause to believe that the relief requested is both reasonable and limited while at the same time being justifiable:

**IT IS HEREBY ORDERED** that any and all assets, policies, mutual funds, annuities, and/or bank accounts held in the name of Johny Salmo, Date of Birth 10/12/75, Social Security Number 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,

 

Address 3024 Mangrove Drive, Sterling Heights, Michigan 48314, or any variance thereof, either individually or jointly, as identified below or which shall become known to the Petitioner as a result of this Order, whether in the listed institutions or otherwise, shall be frozen until further order of this Court. This Order is to include both the below-listed known accounts as well as accounts unknown to Petitioner but in the name of the individual listed above. No withdrawals of any type, and no transfer of any interest shall be permitted until further order of this Court. The accounts frozen are as follows:

- A.  LaSalle Bank – Account Number 5401664536 and 5401964530
- B.  Comerica Bank – Account Number 9304693733

**IT IS FURTHER ORDERED** that any safe deposit boxes in the name of Johny Salmo, or any variance thereof, either individually or jointly, or where he is a signor on a safe deposit box shall be sealed until further order of this Court. If such boxes are located, the institution shall provide the box provide the box numbers and locations to the Petitioner immediately.

**IT IS FURTHER ORDERED** that as to any accounts frozen pursuant to this Order, the institution shall provide to Petitioner all present account balances, mortgage balances, account histories, signature cards and names of the account holders. The institution shall provide the lease agreements for any sealed safe deposit boxes as well as all access cards for said boxes.

**IT IS FURTHER ORDERED** that this Order shall be effective upon service and that this Order shall remain in effect until further Order of this Court.

*Antonio P. Viviano*
HONORABLE ANTONIO P. VIVIANO
CIRCUIT COURT JUDGE

JAN 1 8 2006

Approved as to form:

*Kimberly Mitseff*
KIMBERLY R. MITSEFF  (P49324)
ASSISTANT PROSECUTING ATTORNEY

DATED: JANUARY 17, 2006



01/23/06  13:14 FAX                                                         ☒001



**ERIC J. SMITH**
MACOMB COUNTY PROSECUTING ATTORNEY

**DRUG UNIT**
Jurij Fedorak - Chief
Denise Hart
Joe Mancini
Sue Riehl - Secretary
Fax (586) 731-8194

**FORFEITURES**
Kimberly Mitseff - Chief
Gary Sebastian - Investigator
Cheryl Serra - Secretary

January 19, 2006

R E C E I V E D
JAN 2 3 2006
BY: _____

Johny Salmo
3024 Mangrove Drive
Sterling Heights, MI 48314

Dear Mr. Salmo:

Take Notice that the Sterling Heights Police Department, through the Macomb County Prosecuting Attorney, Eric J. Smith, by Assistant Prosecuting Attorney Kimberly R. Mitseff, on January 18, 2006, have placed a Freeze Order on any and all bank accounts and/or safe deposit boxes wherein your name appears in any capacity. A copy of said Order is attached hereto. The Office of the Macomb County Prosecuting Attorney has made an initial decision that this property is subject to forfeiture as provided in the Michigan controlled substances Act, MCL 333.7521 et. seq., and the Sterling Heights Police Department intends to seek forfeiture of this property.

Although the law requires that a bond be posted to contest this forfeiture, this Office shall not require you to do so. However, if you have been served a Notice of Intent to Forfeit regarding any other seized personal property, you are **required** to file a bond to protect your interest in said property. Unless an agreement is reached with regard to disposal of any funds or assets contained in accounts or safe deposit boxes, a civil forfeiture lawsuit will be filed allowing you to plead and contest same.

ERIC J. SMITH (P46186)
MACOMB COUNTY PROSECUTING ATTORNEY

BY: _____
KIMBERLY R. MITSEFF (P49324)
ASSISTANT PROSECUTING ATTORNEY

ONE SOUTH MAIN STREET • MOUNT CLEMENS, MICHIGAN 48043 • TELEPHONE (586) 469-5350 • FACSIMILE (586) 469-5609



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

IN RE FORFEITURE OF:

VARIOUS ASSETS CONTAINED IN
MISCELLANEOUS BANK ACCOUNTS;
AND SAFE DEPOSIT BOXES.

JOHNY SALMO – CLAIMANT
_____/

ERIC J. SMITH
Prosecuting Attorney
Macomb County, Michigan
BY: KIMBERLY R. MITSEFF (P49324)
Assistant Prosecuting Attorney
Macomb County Administration Building
One South Main St.
Mt. Clemens, MI 48043
(586) 469-5350
Attorneys for Petitioner
_____/

MISC. NO. 06-234-XX
HON. ANTONIO P. VIVIANO

## MOTION FOR RELEASE OF DOCUMENTS, RECORDS, AND/OR CONFIDENTAIL INCOME TAX RETURNS

At a session of said Court held this 22nd day of
February, 2006.

PRESENT: HON. ANTONIO P. VIVIANO
Circuit Court Judge

1. That on January 18, 2006 the Honorable Antonio P. Viviano did execute an

   Ex Parte Order Freezing Accounts of Johny Georges Salmo.

2. In conjunction with this Freeze Order an investigation was initiated as to

   the alleged criminal and civil infractions.

3. As part of the ongoing criminal and civil investigation, confidential

   certified copies of the income tax returns of Johny Georges Salmo and



Roxanne Claycomb were subpoenaed and obtained from the Michigan Department of Treasury by Kimberly R. Mitseff.

4. Subsequent to the Prosecutor's receipt of the requested tax returns, the Drug Enforcement Agency (DEA) elected to adopt this matter.

5. Both State and Federal law enforcement agencies agree that this matter would best be investigated and prosecuted on a Federal level.

6. Pursuant to MCL 205.28(1)(f) the People of the State of Michigan move to release the confidential certified tax returns to the Drug Enforcement Agency (DEA).

Therefore, the People of the State of Michigan, by and through their attorney, Kimberly Mitseff respectfully request this Court:

1) Grant their motion.

2) Execute an order for the release of documents, records, and/or income tax returns obtained in the course of the captioned investigation pursuant to MCL 205.28 (1)(f) to Federal law enforcement agency, DEA as part of their ongoing investigation.

RESPECTFULLY SUBMITTED,

ERIC J. SMITH (P46186)
PROSECUTING ATTORNEY
MACOMB COUNTY, MICHIGAN
By:

KIMBERLY R. MITSEFF (P49324)
ASSISTANT PROSECUTING ATTORNEY

Dated: 02/22/2006





## STATE OF MICHIGAN

### 16TH CIRCUIT COURT FOR COUNTY OF MACOMB

IN RE FORFEITURE OF:

VARIOUS ASSETS CONTAINED IN
MISCELLANEOUS BANK ACCOUNTS;
AND SAFE DEPOSIT BOXES.

JOHNY SALMO – CLAIMANT

_____/

ERIC J. SMITH
Prosecuting Attorney
Macomb County, Michigan
BY: KIMBERLY R. MITSEFF (P49324)
Assistant Prosecuting Attorney
Macomb County Administration Building
One South Main St.
Mt. Clemens, MI 48043
(586) 469-5350
Attorneys for Petitioner

_____/

MISC. NO. 06-234-XX
HON. ANTONIO P. VIVIANO

## ORDER FOR RELEASE OF DOCUMENTS, RECORDS, AND/OR CONFIDENTIAL INCOME TAX RETURNS

At a session of said Court held this 22nd day of
February, 2006.

PRESENT: <u>HON. ANTONIO P. VIVIANO</u>
Circuit Court Judge

The Court having reviewed the motion of the Macomb County Prosecutor requesting release of documents, records, and/or confidential income tax returns obtained as a result of this Courts Orders authorizing the Ex Parte Order Freezing Accounts, and this Court being fully advised in the premises;

 

**IT IS HEREBY ORDERED** that Eric J. Smith, Prosecutor and/or Kimberly R. Mitseff, Assistant Prosecutor is granted authority to release testimony, documents, records, and/or confidential income tax returns to law enforcement agencies specifically to the Drug Enforcement Agency (DEA) as part of an ongoing criminal and civil investigation involving narcotics trafficking and the hiding/failure to report/fraudulent reporting of income.

**FURTHERMORE, IT IS HEREBY ORDERED**, that upon conclusion of the criminal and civil matters in the federal courts, that the DEA properly dispose of/destroy all confidential materials obtained as a result of this order.

*Antonio P. Viviano*

Hon. Circuit Court Judge

Dated: 02/22/2006





**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Johny Georges Salmo aka Johny G. Salmo and Junior Jamil Salmo
c/o Mark J. Kriger/Esq.
LaRene & Kriger PLC
645 Griswold St., Ste 1717
Detroit, MI 48226

| | |
|---|---|
| Asset Id: | 06-DEA-466528 |
| Case Number: | 17-06-0051 |
| Property: | LaSalle Bank, Acct #5401964530 |
| Asset Value: | $1,779.07 |
| Seizure Date: | 04/14/2006 |
| Seizure Place: | Troy, MI |
| Owner Name: | Salmo, Johny Georges |
| Seized From: | Salmo aka ...., Johny Georges Salmo aka Johny G. |
| Judicial District: | Eastern District of Michigan |

**NOTICE MAILING DATE:** May 19, 2006

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **June 23, 2006**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Council, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNCIL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

RECEIVED
MAY 23 2006
BY:_____



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Johny Georges Salmo aka Johny G. Salmo and Junior Jamil Salmo
c/o Mark J. Kriger/Esq.
LaRene & Kriger PLC
645 Griswold St., Ste 1717
Detroit, MI 48226

| | |
|---|---|
| Asset Id: | 06-DEA-466549 |
| Case Number: | 17-06-0051 |
| Property: | LaSalle Bank, Acct #5401664536 |
| Asset Value: | $172,872.73 |
| Seizure Date: | 04/14/2006 |
| Seizure Place: | Troy, MI |
| Owner Name: | Salmo, Johny Georges |
| Seized From: | Salmo aka...., Johny Georges Salmo aka Johny G. |
| Judicial District: | Eastern District of Michigan |

**NOTICE MAILING DATE:** May 19, 2006

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **June 23, 2006**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the **Forfeiture Council, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301.** A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNCIL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

RECEIVED
MAY 2 3 2006

BY:------------------

## CERTIFICATE OF SERVICE

    I hereby certify that on June 9, 2006 I caused a copy of the foregoing paper to be delivered to the Asset Forfeiture Division, Office of the United States Attorney, 211 W. Fort St., Suite 2000, Detroit, Michigan 48226, (313) 226-9705.

*[signature]*

Mark J. Kriger
LaRene & Kriger, P.L.C.
645 Griswold, Suite 1717
Detroit, Michigan 48226
(313) 967-0100