UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNY GEORGE SALMO,

        Plaintiff,

v.                                          Case No. 06-12909
                                          HON. MARIANNE O. BATTANI

UNITED STATES OF AMERICA,

        Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
<u>MOTION FOR RETURN OF PROPERTY</u>**

Before the Court is Plaintiff Johny George Salmo's Motion for Return of Property Pursuant to 18 U.S.C. § 983(1)(F) (Doc. No. 1). The Court heard oral argument on July 19, 2006. At the conclusion of the hearing, the Court requested additional briefing from the parties and took the matter under advisement. The Court has considered the supplemental pleadings, and, for the reasons that follow, the Court **DENIES** the motion.

**I. BACKGROUND**

On January 18, 2006, Sterling Heights police officers executed a search warrant at Plaintiff's home. On the same date, two bank accounts belonging to Plaintiff were frozen. <u>See</u> Pl.'s Ex. A. An Assistant Prosecuting Attorney for Macomb County notified Plaintiff that the freeze order had been obtained over his accounts. Pl.'s Ex. B. The notification letter indictes that the "Office of the Macomb County Prosecuting Attorney has made an initial decision that this property is subject to forfeiture as provided in the

-1-

Michigan Controlled Substances Act." Id.

As part of the state investigation, Plaintiff's confidential tax returns were subpoenaed from the Michigan Department of Treasury. On February 22, 2006, the Assistant Prosecuting Attorney informed the state court that the Drug Enforcement Agency ("DEA") had elected to adopt the investigation, and there was agreement between the state and federal law enforcement agencies that this matter would be better investigated and prosecuted on a federal level. Pl.'s Ex. C. The Macomb County Circuit Court subsequently entered an order releasing confidential documents, including the tax returns, to the DEA. Id.

On May 19, 2006, the DEA issued two Notices of Seizure relative to Plaintiff's two bank accounts. Both list a seizure date of April 14, 2006. Pl.'s Ex. D. Plaintiff maintains that the seizure notices were untimely under the Civil Asset Forfeiture Act of 2000, and requests a return of the funds seized.

## II. STANDARD OF REVIEW

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") establishes time frames for notification of seizures. 18 U.S.C. § 983(1)(A). Subsection (iv) governs situations where the property initially is seized by state authorities and then turned over to a federal agency:

> In a case in which the property is seized by a State or local law enforcement agency and turned over to a federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent no more than 90 days after the date of seizure by the State or local law enforcement agency.

The statute also provides a remedy when notice requirements have not been followed:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

18 U.S.C. § 983(a)(1)(F).

### III. ANALYSIS

Pursuant to § 983(a)(1)(A)(iv), if the Government failed to furnish notice to Plaintiff within 90 days of the date of seizure, Plaintiff has a statutory right under § 983(a)(1)(F) to the immediate return of the property based on the government's failure to fulfill its notice obligation. The parties dispute whether the Government complied with the notice provisions and whether the property should be returned in the event that the statute was violated. Each contention is discussed below.

#### A. Freeze Order

According to Plaintiff, his property was seized when the order freezing his bank accounts was entered on January 18, 2006. The Government did not provided notice until May 19, 2006, well after the expiration of the 90-day deadline for notice established in the statute.

Defendant responds that the order freezing Plaintiff's bank accounts did not constitute a seizure for purposes of the statute. Specifically it argues that freezing alone

cannot serve as a basis for the turnover of the bank account proceeds by state authorities to a Federal law enforcement agency because the Sterling Heights police never took possession or had actual control of the account proceeds.  Therefore, Defendant concludes that turnover was a "legal and factual impossibility," and it was not required to send notice within 90 days of the January 18, 2006, freeze order.   United States' Reply to Suppl. Memorandum in Support of Return of Property at 2.  It contends that the account proceeds were seized on April 14, 2006; thus, the May 19, 2006, notice was timely.

The Court rejects the Government's characterization as contrary to the facts of this case and persuasive authority.  The freeze order itself references the state forfeiture act,  MICH.COMP.LAWS § 333.7521 et seq.  See Pl.'s Ex. A.  The Macomb County Prosecutor's request for permission from the state court to transfer documents from state authorities to federal likewise indicates that the property was subject to forfeiture and that the DEA was "adopting" the investigation.  See  Pl.'s Ex. B.  In United States v. Assorted Jewelry with an Approximate Value of $219,860.00, 386 F.Supp.2d 9 (D. Puerto Rico 2005), the court rejected an analogous argument advanced by the government--that a locked safe was not seized until it was opened pursuant to a warrant.  The court observed that the forfeiture statute recognizes a distinction between a seizure and a forfeiture.  It noted, "A seizure entails only taking possession and control of property.  Stated otherwise, a seizure of property occurs when there is some meaningful interference with an individual's possessory interest in that property." Id. at 12 (citing United States v. Jacobsen, 466 U.S. 109, 113 (1983)).  Similarly, in United States v. Arboleda-Hurtado, 790 F. Supp. 1140, 1141 (S.D. Fla. 1992) (addressing a

criminal forfeiture proceeding), the district court recognized that although an order freezing a criminal defendant's bank account pending forfeiture did not "definitively divest the ownership rights," it did "remove those assets from immediate control," which it deemed "a significant property interest."

In the case before this Court, the state authorities significantly interfered with Plaintiff's interest in the bank accounts, as did the DEA after the investigation was passed to it. In sum, the freeze order constituted a seizure for purposes of the statute. Accordingly, the Court directs its attention to the second argument advanced by Defendant, the effect, if any, of the subsequent civil forfeiture proceedings.

**B.  Impact of Civil Complaint**

The statute clearly provides that when the authorities do not comply with notice the property is to be returned. 18 U.S.C. § 983(a)(1)(F).  The lack of clarity surrounding the sentence that follows, which adds that the Government's right to commence a forfeiture proceeding at a later time is not prejudiced, gives rise to the Government's second argument.  Id.

In this case, the Government did initiate a forfeiture proceeding.  It filed a Complaint for Forfeiture on June 16, 2006, claiming that the funds 'are forfeitable" under 21 U.S.C. § 881(a)(6) as "money, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance. . .and/or because they represent proceeds traceable to such an exchange. See Case No. 06-12666, Compl. at ¶ 7.  According to the Government, any failure to give proper notice is "minimized by the filing of a civil forfeiture complaint."  Brief in Support of United States' Response to Motion for Return of Property at 2.

Plaintiff maintains that Defendant's right to file a forfeiture complaint is subordinate to the statutory language mandating the return of his property for noncompliance with notice proscriptions.  A proper reading of the statute requires that the Government's right to file an action is not prejudiced "*once the property has been returned.*"  Pl.'s Reply at 4 (emphasis in original).  Plaintiff has failed to cite any case law in support of his position.

Moreover, the only authority on point held to the contrary.  Specifically, in Hector Manjarrez v. United States, Nos. 01 C 7530, 01 C 9495, 2002 WL 31870553 (N.D. Ill. December 19, 2002), the court rejected an argument that a later time meant after the seized property had been returned.  The court noted that the statute contained no prerequisite to filing.  "Saying that returning the property does not prevent later filing of a forfeiture action is very different from saying that returning the property is a jurisdictional prerequisite to the later filing of a forfeiture action."  Id. at * 1.

Even if the reasoning in Manjarrez were not persuasive, the resolution of this motion cannot be rendered in a factual and procedural vacuum.  Defendant has secured an arrest warrant *in rem* for the account proceeds, and another set of statutory provisions govern those proceedings.  In addition, the statutory provision at issue here makes it abundantly clear that inadequate notice does not immunize property from forfeiture.  See also  U.S. v. Real Property Located at 1184 Drycreek Road, Granville, Ohio 43023, 174 F.3d 720, 729 (6th Cir. 1999) (recognizing same).  Finally, contrary to Plaintiff's contention that he is left without a remedy, he is free to litigate the merits of his dispute in the forfeiture proceedings.

**IV.    CONCLUSION**

For the above-stated reasons, this Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**


        s/Marianne O. Battani
         MARIANNE O. BATTANI
       UNITED STATES DISTRICT JUDGE


Date: <u>October 17, 2006</u>


### CERTIFICATE OF SERVICE

A copy of this Order was e-filed and/or mailed to Mark Kriger, N.C. Deday LaRene, T.N. Ziedas, and Steven P. Croley on this date.

          s/Bernadette M. Thebolt
          DEPUTY CLERK